# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

YOLANDA LEE, )
 )
       Plaintiff, )
 )
vs. ) NO. CIV-10-1083-HE
 )
SWANSON SERVICES, INC., ET AL., )
 )
       Defendants. )

## ORDER

Plaintiff Yolanda Lee, proceeding *pro se*, filed this suit against Swanson Services, Inc. ("Swanson"), Victoria Cantu, Venecia Frost, and Debbie Welch (collectively "defendants") asserting the defendants wrongfully discharged her from her position at Swanson due to her race. The court previously dismissed plaintiff's complaint for failing to assert a basis for federal subject matter jurisdiction but gave plaintiff leave to amend her complaint [Doc. #20]. Plaintiff then filed a response to the court's order which, through its reference to Title VII and other federal statutes, added an arguable basis for jurisdiction in federal court.[1] However, that response also omitted a large portion of the factual matter, including attachments, that had been included in the original complaint. In light of plaintiff's *pro se* status, the court has evaluated the plaintiff's submissions collectively and has treated her multiple submissions as her amended complaint.[2] Defendants seek to dismiss it pursuant to Fed.R.Civ.P. 8(a), 12(b)(1), and 12(b)(6).

---

[1]*The initial complaint appeared to specifically disclaim any reliance on a race discrimination claim. Plaintiff's later submissions do assert a race claim.*

[2]*Plaintiff has also filed a response to defendants' motion to dismiss [Doc. #24] and a further response in the nature of a sur-reply [Doc. #26] which contain additional allegations.*

Like her original filing, plaintiff's "amended complaint" and related filings are unclear in many respects. They appear to allege that plaintiff worked for Swanson as a dishwasher and food server for a period of time, but was then promoted or shifted to a position as a "training clerk." She was then apparently considered for, and was tentatively assigned to, for some period, a position with the "Euclid office."[3] At some point, it appears Swanson tried to persuade plaintiff to return to her former position as a training clerk, but plaintiff resisted. Then, as best the court can determine, plaintiff later decided to attempt to return to her prior position as training clerk, but at that point Swanson declined to allow the transfer because a supervisor had already filled the previous position with a relative of the supervisor. Further, it appears that plaintiff had some kind of surgery and was off work for some period of time, but that she was ultimately terminated by Swanson based on her failure to stay in touch with Swanson, i.e. "no contact." Plaintiff was involved in proceedings before Oklahoma's Employment Security Commission relating to unemployment benefits. Eventually, this case followed.

In her submissions, plaintiff appears to allege claims under 42 U.S.C. § 2000e (Title VII), 42 U.S.C. § 1983, and 42 U.S.C. § 1981 claim, all grounded in alleged discrimination based on race.[4] She also asserts violations of 18 U.S.C. §§ 241-42. The principal thrust of defendants' motion is that plaintiff's submissions fail to state a claim.

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a claim when a party fails "to state

---

[3]*This office was apparently part (or all) of the human resources department for Swanson.*

[4]*Plaintiff does not appear to press any age-based claim, although there was an indirect reference in plaintiff's original complaint which implied she might be asserting such a claim.*

2

a claim upon which relief can be granted." When considering whether the plaintiff's claims should be dismissed under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). A claim will be dismissed if "the complaint does not contain enough facts to state a claim to relief that is plausible on its face." Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007) (internal quotations omitted). "'[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.'" Id. (quoting Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Insofar as any claim under Title VII is concerned, plaintiff's claims are time-barred. Title VII requires a plaintiff to file suit within ninety days from the date the EEOC provides him or her with the right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a). Plaintiff's submissions allude to her EEOC filing and there appears to be no dispute that plaintiff received her right-to-sue letter soon after December 29, 2009. [Doc. #23-2].[5] However, plaintiff did not file suit against defendants until October 4, 2010—some 279 days after receiving the right-to-sue letter. *See* Doc. #1. Plaintiff's submissions allege nothing that would suggest a basis for avoiding the impact of the ninety-day requirement. Plaintiff's

---

[5]*The court may consider the right-to-sue letter without converting this motion into one for summary judgment. See* Martin v. Cent. States Emblems, Inc., *150 Fed. App. 852, 857-58 (10th Cir. 2005) ("[W]e consider the documents from the EEOC proceedings . . . without requiring that this case be decided on a summary judgment motion rather than a motion to dismiss.").*

3

Title VII claim is therefore time-barred and must be dismissed.[6]

Plaintiff's § 1983 claim is also insufficient. Plaintiff's submissions fail to allege any basis for concluding that defendants were acting under color of state law when plaintiff was allegedly harmed. *See* Samora v. Kerr, 259 Fed. Appx. 126, 127 (10th Cir. 2007) (to assert a § 1983 claim, a plaintiff must allege the constitutional violation was committed by a person acting under the color of state law; private actors do not normally constitute such persons).

Plaintiff also asserts a race discrimination claim under § 1981. Section 1981, like Title VII, affords a federal remedy against discrimination in private employment on the basis of race. Hysten v. Burlington N. and Santa Fe Ry, Co., 296 F.3d 1177, 1180 (10th Cir. 2002) (citing Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 459-60 (1975)). Unlike Title VII claims, however, § 1981 claims may be brought without a plaintiff exhausting administrative remedies. Martin, 150 Fed. Appx. at 857. In racial discrimination suits, the elements of a plaintiff's § 1981 claim are the same as those for a case brought under § 1983 or Title VII. Carney v. City and County of Denver, 534 F.3d 1269, 1273 (10th Cir. 2008).

Given the uncertainties in plaintiff's filings, the court has considerable difficulty in identifying the appropriate standard for a prima facie case here. The exact formulations differ somewhat, depending on whether the underlying claim involves a termination, or a

---

[6]*Even if plaintiff's Title VII claim were not time barred, the claim would be appropriately dismissed against plaintiff's individual supervisors. DeFreitas v. Horizon Inv. Mgmt. Corp., 577 F.3d 1151, 1162 n. 2 (10th Cir. 2009) (agreeing with the majority view that "the language and structure of amended Title VII continue to reflect the legislative judgment that statutory liability is appropriately borne by employers, not individual supervisors." (internal citation omitted)).*

4

failure to promote, or some other type of discriminatory conduct.[7] However, while the standard is flexible and will vary depending on the context of the claim, "The critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred 'under circumstances which give rise to an inference of unlawful discrimination.'" Adamson v. Multi Community Diversified Servs. Inc., 514 F.3d 1136, 1151 (10th Cir. 2008) (quoting Plotke v. White, 405 F.3d 1092, 1100 (10th Cir. 2005)).

Here, even after giving plaintiff the fullest benefit of the deferential review warranted by her *pro se* status, the facts alleged do not support an inference of unlawful discrimination sufficient to move plaintiff's claim "across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A common means of satisfying this element is for a plaintiff to show that he or she was treated differently from other similarly situated employees, Jones v. Denver Post Corp., 203 F.3d 748, 756 (10th Cir. 2000),[8] but there are no non-conclusory, factual allegations here indicating that circumstance. Plaintiff does make a general assertion that no white workers were ever "demoted to KP or Server for not performing their job" and that "[n]o white office worker has been fired for no contact

---

[7]*Defendants argue the elements here are (1) plaintiff's membership in a protected class, (2) that plaintiff was qualified for the position at issue, (3) plaintiff suffered an adverse employment action, and (4) that the adverse action occurred under circumstances giving rise to an inference of unlawful discrimination. It concedes (1) and (3) to be present here, but challenges (2) and (4). The court concludes plaintiff's allegation that she held the position involved for some period and apparently lost it due to "no contact" (rather than some other cause) is a sufficient allegation that she was qualified, and that the determinative question here is whether she alleges a basis for the final element.*

[8]*"Individuals are considered 'similarly situated' when they deal with the same supervisor, are subjected to the same standards governing performance evaluation and discipline, and have engaged in conduct of 'comparable seriousness.'" Lollis v. City of Eufala, 249 Fed. Appx. 20, 26 (10th Cir. 2007) (quoting McGowan v. City of Eufala, 472 F.3d 736, 745 (10th Cir. 2006)).*

while out under a doctor's care" but there is no allegation that any otherwise comparable white worker was actually in those circumstances. *See* Lollis, 249 Fed. Appx. at 27 (court properly dismissed § 1981 claim because plaintiff provided no evidence of similarly situated officers or that they were treated differently).

There is no other allegation raising an inference of racial animus or motivation. Plaintiff makes an allegation to the effect that a position was filled without posting or advertising, which might be pertinent if her claim was based on a failure to promote; the court, however, does not understand plaintiff's claim to involve such circumstances. She alleges the position (apparently the one from which she was terminated) was filled with a younger, unqualified person who was related to the person doing the hiring. But neither the hiring of a younger person nor an element of nepotism in hiring raise an inference of racial discrimination. She alleges that a supervisor made a reference to her "playing rap music," but that is insufficient, in and of itself, to support an inference of racial animus. Looking to the factual allegations in plaintiff's submissions, rather than the purely conclusory allegations, the court concludes they do not allege a basis for a prima facie showing of a racially motivated termination. Plaintiff's §1981 claim is therefore insufficient.

Finally, plaintiff asserts claims based on 18 U.S.C. §§ 241-42, which are federal criminal statutes. These statutes, however, do not provide a private right of action and are not enforceable by individual plaintiffs through a civil action. *See* Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007).

For the reasons indicated, plaintiff's submissions do not state a basis for claim under

the applicable standards.  Defendants' motion to dismiss plaintiff's complaint [Doc. #23] is therefore **GRANTED** and plaintiff's claims are **DISMISSED.**  Her claims under Title VII and 18 U.S.C. §§ 241-42 are dismissed with prejudice.

Plaintiff is granted leave to file an amended complaint remedying the above defects, if she can do so, **within 14 days** from the date of this order.  Any such amended complaint should take care to state the facts upon which any claim of racial discrimination is based.  As noted above, the court is mindful of plaintiff's *pro se* status, and it is clear that plaintiff has devoted considerable effort to her submissions in this case.  However, plaintiff must ultimately establish her case based on the same substantive standards as are applicable to parties represented by a lawyer.  The court again urges plaintiff to secure counsel if she can do so.

**IT IS SO ORDERED**.

Dated this 12th day of April, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE