# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YOLANDA LEE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-10-1083-HE |
| ) | |
| SWANSON SERVICES, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Yolanda Lee asserts claims under 42 U.S.C. § 1981 arising out of her former employment relationship with defendants Swanson Services, Inc. ("Swanson"), Victoria Cantu, Venecia Frost, and Debbie Welch. The court previously dismissed plaintiff's first two amended complaints, once for failing to assert a basis for subject matter jurisdiction, *see* Doc. #20, and once for failing to allege sufficient facts to support her claims, *see* Doc. #27. Mindful of plaintiff's *pro se* status,[1] however, the court granted plaintiff leave to file a third amended complaint, while notifying plaintiff that she needed to assert some factual basis upon which her racial discrimination claims are based. Defendants have now moved to dismiss plaintiff's third amended complaint. Plaintiff having failed to timely respond to it,[2] the motion is now at issue.

When considering whether plaintiff's claims should be dismissed under Rule 12(b)(6)

---

[1] *Pro se pleadings are construed liberally. See* <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

[2] *A district court may not grant a Rule 12(b)(6) motion to dismiss based solely on a plaintiff's failure to respond. See* <u>Issa v. Comp USA</u>, 354 F.3d 1174, 1177 (10th Cir. 2003). *Rather, it "must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."* <u>Id.</u> *at 1178.*

the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to plaintiff, the nonmoving party. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Considering plaintiff's claims under this standard, the court concludes defendants' motion should be denied in part and granted in part.

The previous orders by the court have set forth a description of this case's facts and procedural history, which need not be repeated here. In their motion, defendants assert that plaintiff's third amended complaint offers little to no new factual information that would allow her to state a plausible claim for relief. While the court concedes there are marked similarities between plaintiff's present and previous complaints, the latest complaint does appear to allege, at least against Swanson, additional evidence of § 1981 violations arising from plaintiff's demotion and ultimate termination. Though difficult to discern, the complaint seems to allege that defendant Swanson's reasons for demoting plaintiff and then terminating her—non-performance of her job and lack of contact with Swanson while absent, respectively—were merely a pretext. Plaintiff suggests that her status as an African American was the actual basis for these respective employment actions, and she supports her argument by asserting that she was treated differently than other employees she claims were similarly situated.

Based on the present submissions, there is considerable reason to doubt whether plaintiff will ultimately be able to establish a § 1981 claim based on race. However, the court

concludes plaintiff has stated sufficient facts—barely and by the thinnest of margins—to state a claim under § 1981. In reaching that conclusion, the court has accorded plaintiff's submissions the broadest possible measure of deference due to her *pro se* status. In any event, defendant's motion to dismiss [Doc. #30] is **DENIED** as to plaintiff's § 1981 claim against her employer, Swanson. The motion is otherwise **GRANTED**. All other claims against Swanson and all claims against the individual defendants are **DISMISSED**, for the reasons stated in the court's prior orders.

Defendant Swanson's answer shall be filed **within 14 days**. If the parties have not already discussed the possibility of an agreed resolution of this case, the court encourages them to do so.

**IT IS SO ORDERED**.

Dated this 22nd day of June, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE